UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **CHAD BLANCHARD** | **CIVIL ACTION NO:** _____ |
| **VERSUS** | **JUDGE** _____ |
| **THE UNITED STATES OF AMERICA THROUGH ITS AGENCY THE UNITED STATES ARMY CORPS OF ENGINEERS** | **MAGISTRATE** _____ |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Complainant, **CHAD BLANCHARD**, a person of the full age of majority and a resident of St. Landry Parish, Louisiana, who respectfully alleges as follows:

1.

This Honorable Court has original jurisdictional in this matter pursuant to its Federal Question Jurisdiction rising under, 46 USC § 781 et sec.

2.

Made Defendant herein is:

(A)   **THE UNITED STATES OF AMERICA, through its agency, The United States Army Corps of Engineers (hereinafter "USACE")** and who may be served via their certified civil process clerk, U.S. Attorney for the Western District of Louisiana, Honorable Stephanie A. Finley, at 300 Fannin Street, Suite 3201, Shreveport, Louisiana 71101.

3.

At all times pertinent hereto, USACE was the owner and operator of the M/V MISSISSIPPI, a vessel operating on the Navigational Waters of the State of Louisiana, and more specifically, on the Atchafalaya River.

4.

On or about August 18, 2011, complainant, Chad Blanchard, was employed as a crew member on a vessel owned and operated by Stallion Oilfield Services, Ltd. (hereinafter "Stallion"). Your Petitioner was assigned to work aboard a vessel owned by Stallion, and which situated in the Atchafalaya River in St. Martin Parish, Louisiana.

5.

On August 18, 2011, the Stallion vessel occupied by your complainant, Chad Blanchard, was stationary and/or moored in the Atchafalaya River, and Mr. Blanchard, a Jones Act Seaman, was contributing to the mission of the vessel by performing his duties aboard the Stallion vessel.

6.

Upon information and belief, while the Stallion vessel was moored, the M/V MISSISSIPPI, being operated by members of the USACE, was traversing the Atchafalaya River at a high rate of speed, and throwing a large wake due to said unsafe speed.

7.

Upon information and belief, the Atchafalaya River is navigable water way subject to travel and navigation by vessels engaged in the Maritime industry, including the M/V MISSISSIPPI.

8.

As complainant was descending stairs aboard the Stallion vessel, the Stallion vessel was suddenly and unexpectedly impacted by the large wakes discharged from the M/V MISSISSIPPI traveling at an unsafe speed.

9.

At the time the Stallion vessel was impacted by the large wakes generated by the M/V MISSISSIPPI's unsafe speed, your complainant, Chad Blanchard, was attempting to descend a set of stairs into the engine room in order to perform routine maintenance and/or service aboard the Stallion vessel.

10.

As the Stallion vessel was impacted by the large wake created by the passage of the M/V MISSISSIPPI, complainant was knocked from the top of the stairs, falling to the bottom of the stairs. Said act of falling, resulted in severe and disabling injuries to Mr. Blanchard's neck, shoulder, back, and body as a whole.

11.

Complainant was injured through the negligence, vessel negligence, negligent operation and/or fault on the part of the captain and crew of the M/V MISSISSIPPI, who are believed to be employees of the USACE, their agents, servants, and/or employees, and/or those for whom they were responsible for at the time of the incidents described hereinabove, in the following non-exclusive manners:

    a.    Failure to properly operate/navigate their vessel, the M/V MISSISSIPPI, in order to avoid causing a dangerous swell and/or wake;

    B.    Negligently failing to post a look out;

c. Inattentiveness of the master in crew of the M/V MISSISSIPPI;

d. Negligently operating the M/V MISSISSIPPI at an excessive rate of speed, which created a dangerously large swell and/or wake which impacted the Stallion vessel;

f. Negligently failing to slow the speed of the M/V MISSISSIPPI due to boat traffic;

g. Negligently failing to see plaintiff's vessel, and slow their vessel so as to avoid causing a dangerous condition;

h. Violations of the rules of the road, including those for safe speed, proper lookout and safe navigation;

i. Negligently failing to appreciate the reasonable affect of the M/V MISSISSIPPI's speed in motion through the Atchafalaya River at the particular place and under the particular circumstances where the accident occurred;

j. Negligently failing to take all reasonable precautions to avoid injuries to plaintiffs; and,

k. Negligent supervision or other acts of negligence which may be proven at the trial of this matter.

12.

Alternatively, defendant is liable to complainant for his damages based upon what is believed to be one or more passive or acts of negligence or admissions, and/or failing to operate/navigate their vessel in a safe and prudent matter, thus resulting in the above-described accident.

13.

As a result of the injuries sustained in the August 18, 2011 accident, complainant, Chad Blanchard, has suffered damages, including but not limited to the following:

a. Past medical expenses;

b. Future medical expenses;

c. Past lost earnings;

d. Future loss of earning capacity;

  e.  Past and future physical pain and suffering;

  f.  Past and future mental and emotional anguish;

  g.  Past and future disability;

  h.  Past and future loss of enjoyment of life; and,

  i.  Other such damages which may be proven at the trial of this matter.

**WHEREFORE**, complainant, **CHAD BLANCHARD**, prays that his complaint be deemed good and sufficient, and that the defendant, **THE UNITED STATES OF AMERICA, THROUGH ITS AGENCY, THE UNITED STATES ARMY CORPS OF ENGINEERS**, be served with a copy of this complaint and that they be cited to appear and answer hereto, and that after the lapse of all legal delays and due proceedings are had, there be judgment rendered herein in his favor, and against defendants, **THE UNITED STATES OF AMERICA, THROUGH ITS AGENCY, THE UNITED STATES ARMY CORPS OF ENGINEERS**, for such damages as are reasonable under the premises, together with legal interests from the date of judicial demand until paid, and that the defendants be required to pay the costs of these proceedings, as well as any and all additional and/or equitable relief as the nature of this case may allow.

Respectfully submitted:

BY: _____
JOSEPH F. GAAR, JR. # 16927
JASON M. WELBORN # 26548
WILLARD P. SCHIEFFLER #25862
LUCAS S. COLLIGAN #31761
Attorneys At Law
P.O. Box 2053
Lafayette, Louisiana 70502
Phone:      (337) 233-3185
Fax :       (337) 233-0690
Email: joseph@gaarlaw.com
       jason@gaarlaw.com
       will@gaarlaw.com
       lucas@gaarlaw.com
**Attorneys for Complainant,
CHAD BLANCHARD**

**SERVICE INFORMATION:**
**THE UNITED STATES OF AMERICA,**
**through its agency, The United States**
**Army Corps of Engineers,**
Via their certified civil process clerk
U.S. Attorney for the Western District of Louisiana
Honorable Stephanie A. Finley
300 Fannin Street, Suite 3201
Shreveport, Louisiana 71101