UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| CHAD BLANCHARD | ) | IN ADMIRALTY |
| | ) | |
| VERSUS | ) | CIVIL ACTION NO.  12-3140 |
| | ) | |
| THE UNITED STATES OF AMERICA | ) | JUDGE DOHERTY |
| THROUGH ITS AGENCY THE UNITED | ) | |
| STATES ARMY CORPS OF ENGINEERS | ) | MAGISTRATE JUDGE HANNA |

### UNITED STATES' REPLY TO ITS MOTION FOR A MORE DEFINITE STATEMENT

The United States, through undersigned counsel, respectfully submits the following reply to the plaintiff's opposition memorandum (ECF No. 6).

The plaintiff's Complaint alleges that on August 18, 2011, the M/V MISSISSIPPI, a vessel of the United States in transit on the Atchafalaya River, negligently caused a wake that rocked the moored tug on which he served and, in turn, caused him to fall.  Given the allegation that one vessel was moving and the other was "stationary and/or moored," the time and place of the alleged wake encounter are essential facts.  If the plaintiff is allowed to proceed on the vague allegations presented in his Complaint, the time and place of the incident to become moving targets for the defendant.

In his opposition to the United States' Motion, the plaintiff reveals that he has a surprising lack of knowledge of these most basic allegations.  The plaintiff has narrowed the time frame of the accident—but only tentatively—to one hour, between 6:00 p.m. and 7:00 p.m. local time.  He also advises that he now knows the name of the vessel aboard which he was a crewmember, the M/V ALLURA, but only because counsel for his employer, Stallion Oilfield Services, Ltd., told him so.

The plaintiff's new information about the tug ALLURA's location also remains impermissibly vague. The plaintiff states that the ALLURA was moored "on the Atchafalaya River, in the State of Louisiana near Henderson, Louisiana," at "a Hilcorp dock." Plf.'s Oppo. at 2. This proffered information is insufficient to cure the Complaint. Eighteen months following an on-the-job injury, the plaintiff should be able to state when and where he was injured. Instead, the plaintiff offers only excuses that his memory has faded since August 18, 2011, *id.*, and that his employer has not provided him with a copy of an accident report, *id.* at 1, or his employment file, *id.* at 2.

The United States respectfully requests that the Court order the plaintiff to file an amended complaint with a more definite statement of time and location.

DATED:  March 4, 2013

    Respectfully submitted,

    STUART F. DELERY
    Principal Deputy Assistant Attorney General

    STEPHANIE A. FINLEY
    United States Attorney

    JENNIFER B. FREDERICK (#23633)
    Assistant United States Attorney

    /s/  Stephen M. Ketyer
    STEPHEN M. KETYER
    Trial Attorney
    Aviation/Admiralty Litigation
    Torts Branch, Civil Division
    U.S. Department of Justice
    P.O. Box 14271
    Washington, DC 20044-4271
    stephen.ketyer@usdoj.gov
    (202) 616-4034
    (202) 616-4159 (Fax)
    *Attorneys for United States of America*

OF COUNSEL:

ALLEN SCOTT BLACK
Assistant District Counsel
Memphis District
U.S. Army, Corps of Engineers
167 N. Main Street, Rm. B-202
Memphis, TN  38103
allen.s.black@usace.army.mil
(901)544-3662
(901)544-3336 Fax