UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **CHAD BLANCHARD** | **CIVIL ACTION NO: 12-3140** |
| **VERSUS** | |
| | **JUDGE DOHERTY** |
| **THE UNITED STATES OF AMERICA THROUGH ITS AGENCY THE UNITED STATES ARMY CORPS OF ENGINEERS** | **MAGISTRATE JUDGE HANNA** |

**PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDING COMPLAINT**

  **NOW INTO COURT,** through undersigned counsel, comes Complainant, **CHAD BLANCHARD**, a person of the full age of majority and a resident of St. Landry Parish, Louisiana, who respectfully submits and amends his original Complaint (Document 1) file on December 20, 2012, as follows:

I.

Complainant, **CHAD BLANCHARD**, reiterates, re-alleges and re-avers, all allegations as contained in his original Complaint, filed on December 20, 2012, as set forth herein.

II.

Complainant, **CHAD BLANCHARD**, wishes to amend paragraph 4 of his original Complaint by inserting the following paragraph in place of original paragraph 4:

"4.

On or about August 18, 2011, complainant, **CHAD BLANCHRD**, was employed as a crew member onboard the M/V ALLURA (hereinafter sometimes referred to as "stallion vessel"), a vessel owned and operated by Stallion Oilfield Services, Ltd. (hereinafter "Stallion"). Your complainant

was assigned to work aboard the M/V ALLURA, which was situated at the Hilcorp Loading Dock on Lake Chico in St. Martin Parish, Louisiana, Mile 84 of the Atchafalaya River in St. Martin Parish, Louisiana."

III.

Complainant, **CHAD BLANCHARD**, wishes to supplement and amend paragraph 5 of his original Complaint by replacing same with the following:

"5.

On or about August 18, 2011, at approximately 3:00 p.m., the M/V ALLURA, occupied by your complainant, **CHAD BLANCHARD**, was tied off at the Hilcorp loading dock in the Atchafalaya River, and Mr. Blanchard, a Jones' Act Seaman, was contributing to the mission of the vessel by performing his duties aboard the M/V ALLURA."

IV.

Complainant, **CHAD BLANCHARD**, wishes to supplement and amend paragraph 6 of his original Complaint by replacing same in its entirety:

"6.

Upon information and belief, while the M/V ALLURA was tied off, the M/V MISSISSIPPI, being operated by members of the USACE, was traveling the Atchafalaya River at approximately 3:00 p.m. near the Hilcorp loading dock on Lake Chico in St. Martin Parish, Louisiana, at a high rate of speed, and was throwing a large wake due to said unsafe speed."

V.

Complainant, **CHAD BLANCHARD**, wishes to supplement and amend paragraph 2 of his original Complaint as follows:

"2.

Made additional defendants herein are:

**B.     STALLION OILFIELD SERVICES, LTD.**, a foreign corporation, authorized to do and doing business within the state of Louisiana and within the Western District of Louisiana, and who my be served through its registered agent for service of process, Corporation Service Company, 320 Somerulos Street, Baton Rouge, Louisiana."

## VI.

Complainant, **CHAD BLANCHARD,** seeks to supplement his original Complaint with the addition of the following paragraph:

"14.

Upon information and belief, on August 18, 2011, the M/V ALLURA was owned and operated by defendant, **STALLION**, and had been tied off in the Atchafalaya River at the Hilcorp dock located in St. Martin Parish, Louisiana as indicated above.

15.

At the time of the above-mentioned accident, the boat captain and other crew members aboard the M/V ALLURA, departed said vessel, without leaving a commanding officer or vessel operator located aboard.  Rather, **CHAD BLANCHARD**, was given a direction to remain on the vessel and perform services associated with his status as a member of the crew.

16.

Upon information and belief, the M/V ALLURA, had been negligently positioned at the Hilcorp dock facility located in St. Martin Parish, Louisiana, such that it was able to be impacted by the large wakes and/or swells being thrown by the M/V MISSISSIPPI as it passed the M/V ALLURA at a high rate and dangerous speed.

17.

Upon information and belief, the mooring technique and positioning of the M/V ALLURA, at the time of the incident made the subject of this lawsuit, was improper, and allowed said vessel to be impacted by incoming wakes from passing boat traffic and subjecting complainant, **CHAD BLANCHARD**, to injury.

18.

Upon information and belief, due to the departure of the captain and crew members other than complainant, **CHAD BLANCHARD**, the M/V ALLURA, was unseaworthy, as it was improperly manned and without a sufficient crew to assist complainant, **CHAD BLANCHARD**, in the performances of his services aboard the M/V ALLURA at the time of the accident complained of herein.

19.

As a result of the improper mooring, and the unseaworthy conditions existing aboard the M/V ALLURA, Mr. Blanchard was severely injured by a wake created by the M/V MISSISSIPPI while passing on the Atchafalaya River. As a result of the unanticipated wake, and improper mooring of the vessel, Mr. Blanchard was slammed to the deck and injured.

20.

In accordance with known protocol in place by Stallion, complainant, **CHAD BLANCHARD**, reported his accident and injuries sustained as a result of the above-state negligence herein.

21.

As a Jones' Act Seaman and member of the crew of the M/V ALLURA, defendant, **STALLION**, owes the duty to provide maintenance and cure for those injuries suffered by

complainant while in the service of the vessel. Upon information and belief, without reasonable grounds, Stallion arbitrarily and capriciously failed to provide or refused to authorize medical treatment being requested by complainant's treating physicians, Dr. Louis Blanda and/or Dr. Paul Fenn.

22.

As a result of defendant, Stallion's denial for the request of treatment by complainant, **CHAD BLANCHARD**, he has suffered additional injury, and has been required to go without medical treatment for substantial periods of time due to lack of financial ability and the defendant's failure to provide cure. Said delays, have caused Mr. Blanchard to incur additional pain and suffering, which may have been avoided with defendant's agreement to provide cure.

23.

Additionally, defendant impermissibly and without justifiable reason, terminated complainant, **CHAD BLANCHARD's** maintenance at a rate of $44.00 per day, causing financial hardships to Mr. Blanchard during the period and time said maintenance was withheld in violation of Federal Law.

24.

Complainant, **CHAD BLANCHARD**, was injured through the negligence, vessel negligence and/or fault on the part of the captain and crew of the M/V ALLURA, who are believed to be employees of defendant, **STALLION**, in the following nonexclusive manners:

a. Failure to properly moor and/or tie off the M/V ALLURA in order to prepare it for wakes from incoming boat traffic;

b. Failing to provide an adequate crew;

c. The inattentiveness and lack of supervision provided by the master of the M/V ALLURA;

  d.  Failure to provide proper maintenance and cure;

  e.  Negligently failing to take all reasonable precautions to avoid the injuries to plaintiff;

  f.  The unseaworthiness of the M/V ALLURA; and,

  g.  Any and all other acts of negligence which may be proven at the trial of this matter.

25.

As a result of the injuries sustained in the August 18, 2011 accident, complainant, **CHAD BLANCHARD**, has suffered damages, including but not limited to:

  a.  Past medical expenses;

  b.  Future medical expenses;

  c.  Past lost earnings;

  d.  Future loss of earning capacity;

  e.  Past and future physical pain and suffering;

  f.  Past and future mental and emotional anguish;

  g.  Past and future disability;

  h.  Past and future loss of enjoyment of life; and,

  i.  Punitive damages pursuant to *Atlantic Sounding Company v. Edgar L. Telson*, 129 S.Ct. 256 (U.S. 2009), for failure to timely meet cure and maintenance obligations owed to complainant under the Jones' Act."

VII.

Complainant, **CHAD BLANCHARD**, again, reiterates, re-alleges and re-avers all allegations as contained in his original complaint, filed on December 20, 2012, as set forth herein.

VIII.

Lastly, complainant, **CHAD BLANCHARD**, wishes to amend his original complaint, to replace the wherefore/prayer clause in the original complaint with the following paragraph:

"**WHEREFORE**, complainant, **CHAD BLANCHARD**, prays that his original and First Supplemental and Amending Complaint be deemed good and sufficient, and that the defendants, **THE UNITED STATES OF AMERICA, THROUGH ITS AGENCY, THE UNITED STATE ARMY CORP. OF ENGINEERS, AND STALLION OILFIELD SERVICES, LTD.**, be served with a copy of this First Supplemental and Amending Complaint, and that they be cited to appear and answer hereto, and that after the lapse of all legal delays and due proceedings are hard, there be judgment rendered herein in his favor, and against defendants, **THE UNITED STATES OF AMERICA, THROUGH ITS AGENCY, THE UNITED STATE ARMY CORP. OF ENGINEERS, AND STALLION OILFIELD SERVICES, LTD.**, for such damages as are reasonable under the premises, together with legal interest through the date of judicial demand until paid, and that they defendants be required to pay the cost of these proceedings, as well as any and all additional and/or equitable relief as the nature of this case may allow.

Respectfully submitted:

BY:   s/ JASON M. WELBORN
JOSEPH F. GAAR, JR. # 16927
JASON M. WELBORN # 26548
WILLARD P. SCHIEFFLER #25862
LUCAS S. COLLIGAN #31761
Attorneys At Law
P.O. Box 2053
Lafayette, Louisiana 70502
Phone: (337) 233-3185
Fax : (337) 233-0690
Email: joseph@gaarlaw.com
         jason@gaarlaw.com
         will@gaarlaw.com
         lucas@gaarlaw.com
**Attorneys for Complainant,
CHAD BLANCHARD**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was forwarded to all counsel of record by the Court's ECF system.

Lafayette, Louisiana, this 27th day of March, 2013.

                                 S/ JASON M. WELBORN
                                 JASON M. WELBORN