**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **CHAD BLANCHARD** | ) | **IN ADMIRALTY** |
| | ) | |
| **VERSUS** | ) | **CIVIL ACTION NO.  12-3140** |
| | ) | |
| **THE UNITED STATES OF AMERICA** | ) | **JUDGE DOHERTY** |
| **THROUGH ITS AGENCY THE UNITED** | ) | |
| **STATES ARMY CORPS OF ENGINEERS** | ) | **MAGISTRATE JUDGE HANNA** |

**UNITED STATES' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT
AND TO PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDING COMPLAINT**

COMES NOW, Defendant United States of America, through undersigned counsel, and respectfully answers the Plaintiff's Complaint (ECF No. 1) ("Complaint"), as modified by Plaintiff's First Supplemental and Amending Complaint (ECF No. 10) ("First Supplemental Complaint"), as follows:[1]

*"1.*

*"This Honorable Court has original jurisdictional in this matter pursuant to its Federal Question Jurisdiction rising under,* 46 USC § 781 *et sec."*[2]

ANSWER:  The United States, answering paragraph 1 of the Complaint, states that the allegations contain conclusions of law that are respectfully referred to the Court for determination and to which no response is required.  To the extent a response is deemed required, the United States denies the allegations contained therein.

---

[1] Because the plaintiff's initial pleadings are spread over two separate documents, we have chosen to reproduce the text of the allegations to which we are responding in italics and avoid confusion.

[2] The Complaint and the First Supplemental Complaint contain certain typographical errors.  We have chosen, nevertheless, to reproduce the plaintiff's pleadings as accurately as possible, *sic erat scriptum*, but without inserting the customary signal "[sic]".

"*2.*

"*(A)     THE UNITED STATES OF AMERICA, though its agency, The United States Army Corps of Engineers ("hereinafter "USACE") and who may be served via their certified civil process clerk, U.S. Attorney for the Western District of Louisiana, Honorable Stephanie A. Finley, at 300 Fannin Street, Suite 3201, Shreveport, Louisiana 71101.*

"*(B)     STALLION OILFIELD SERVICES, LTD., a foreign corporation, authorized to do and doing business within the state of Louisiana and within the Western District of Louisiana, and who may be served through its registered agent for service of process, Corporation Service Company, 320 Somerulos Street, Baton Rouge, Louisiana.*"

ANSWER:     The United States, answering paragraph 2(A) of the Complaint, states that only the United States of America, not any agency or instrumentality thereof, can be a proper defendant and it must be served in accordance with Federal Rule of Civil Procedure 4(i) and the Public Vessels Act, 46 U.S.C. § 31104.   The United States denies all other allegations in paragraph 2(A) of the Complaint.

Answering paragraph 2(B), which was added in the First Supplemental Complaint at paragraph V., the allegations contained therein are not directed to the United States and, therefore, no response by the United States is required.  To the extent that an answer is deemed required, the United States is without knowledge or information sufficient to form a belief as to their truth and, therefore, denies the same.

"*3.*

"*At all times pertinent hereto, USACE was the owner and operator of the M/V MISSISSIPPI, a vessel operating on the Navigational Waters of the State of Louisiana, and more specifically, on the Atchafalaya River.*"

ANSWER:  The United States, answering paragraph 3 of the Complaint, admits that the M/V MISSISSIPPI is a public vessel operated by the United States Army Corps of Engineers and that on August 18, 2011, it was traveling on the Atchafalaya River in Louisiana.  It denies all other allegations in the same paragraph.

*"4.*

*"On or about August 18, 2011, complainant, CHAD BLANCHARD, was employed as a crew member onboard the M/V ALLURA (hereinafter sometimes referred to as "stallion vessel"), a vessel owned and operated by Stallion Oilfield Services, Ltd. (hereinafter "Stallion"). Your complainant was assigned to work aboard the M/V ALLURA, which is situated at the Hilcorp Loading Dock on Lake Chico in St. Martin Parish, Louisiana, Mile 84 of the Atchafalaya River in St. Martin Parish, Louisiana."*

ANSWER:    The United States, answering paragraph 4 of the Plaintiff's First Supplemental Complaint, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

*"5.*

*"On or about August 18, 2011, at approximately 3:00 p.m., the M/V ALLURA, occupied by your complainant, CHAD BLANCHARD, was tied off at the Hilcorp loading dock in the Atchafalaya River, and Mr. Blanchard, a Jones' Act Seaman, was contributing to the mission of the vessel by performing his duties aboard the M/V ALLURA."*

ANSWER:    The United States, answering paragraph 5 of the Plaintiff's First Supplemental Complaint, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

*"6.*

*"Upon information and belief, while the M/V ALLURA was tied off, the M/V MISSISSIPPI, being operated by members of the USACE, was traveling the Atchafalaya River at approximately 3:00 p.m. near the Hilcorp loading dock on Lake Chico in St. Martin Parish, Louisiana, at a high rate of speed, and was throwing a large wake due to said unsafe speed."*

ANSWER:   The United States, answering paragraph 6 of the First Supplemental Complaint, admits that the M/V MISSISSIPPI, operated by the Army Corps of Engineers, was traveling on the Atchafalaya River in Louisiana on August 18, 2011.   It denies all other allegations in the same paragraph.

*"7.*

*"Upon information and belief, the Atchafalaya River is navigable water way subject to travel and navigation by vessels engaged in the Maritime industry, including the M/V MISSISSIPPI."*

ANSWER:   The United States, answering paragraph 7 of the Complaint, admits Louisiana's Atchafalaya River is a navigable waterway.   It denies all other allegations in the same paragraph.

*"8.*

*"As complainant was descending stairs aboard the Stallion vessel, the Stallion vessel was suddenly and unexpectedly impacted by the large wakes discharged from the M/V MISSISSIPPI."*

ANSWER:   The United States, answering paragraph 8 of the Complaint, is without knowledge or information sufficient to form a belief as to the truth of allegations concerning the whereabouts or activities of the plaintiff at the time in question and, therefore, denies the same. It denies all other allegations in the same paragraph.

4

"*9.*

"*At the time the Stallion vessel was impacted by the large wakes generated by the M/V MISSISSIPPI's unsafe speed, your complainant, Chad Blanchard, was attempting to descend a set of stairs into the engine room in order to perform routine maintenance and/or service aboard the Stallion vessel.*"

ANSWER:  The United States, answering paragraph 9 of the Complaint, is without knowledge or information sufficient to form a belief as to the truth concerning the whereabouts or activities of the plaintiff at any time in question and, therefore, denies the same.  It denies all other allegations in the same paragraph.

"*10.*

"*As the Stallion vessel was impacted by the large wake created by the passage of the M/V MISSISSIPPI, complainant was knocked from the top of the stairs, falling to the bottom of the stairs.  Said act of falling, resulted in severe and disabling injuries to Mr. Blanchard's neck, shoulder, back, and body as a whole.*"

ANSWER:  The United States, answering paragraph 10 of the Complaint, is without knowledge or information sufficient to form a belief as to the truth of allegations concerning the whereabouts or activities of the plaintiff at any time in question and, therefore, denies the same. It denies all other allegations in the same paragraph.

"*11.*

"*Complainant was injured through the negligence, vessel negligence, negligent operation and/or fault on the part of the captain and crew of the M/V MISSISSIPPI, who are believed to be employees of the USACE, their agents, servants, and/or employees, and/or those for whom they were responsible for at the time of the incidents described hereinabove, in the following non-exclusive manners:*

5

*a.    Failure to properly operate/navigate their vessel, M/V MISSISSIPPI, in order to avoid causing a dangerous swell and/or wake;*

*b.    Negligently failing to post a look out;*

*c.    Inattentiveness of the master in crew of the M/V MISSISSIPPI;*

*d.    Negligently operating the M/V MISSISSIPPI at an excessive rate of speed, which created a dangerously large swell and/or wake which impacted the Stallion vessel;*

[ ]

*f.    Negligently failing to slow the speed of the M/V MISSISSIPPI due to boat traffic;*

*g.    Negligently failing to see plaintiff's vessel, and slow their vessel so as to avoid causing a dangerous condition.*

*h.    Violations of the rules of the road, including those for safe speed, proper lookout and safe navigation;*

*i.    Negligently failing to appreciate the reasonable affect of the M/V MISSISSIPPI's speed in motion through the Atchafalaya River at a particular place and under the particular circumstances where the accident occurred;*

*j.    Negligently failing to take all reasonable precautions to avoid injuries to plaintiffs; and*

*k.    Negligent supervision or other acts of negligence which may be proven at the trial of this matter."*

ANSWER:    The United States, answering paragraph 11 of the Complaint and its subparts, denies each and every allegation contained therein.

*"12.*

*"Alternatively, defendant is liable to complainant for his damages based upon what is believed to be one or more passive acts of negligence or admissions, and/or failing to operate/navigate their vessel in a safe and prudent manner, thus resulting in the above-described accident."*

6

ANSWER:    The United States, answering paragraph 12 of the Complaint, denies the allegations contained therein.

"*13.*

"*As a result of the injuries sustained in the August 18, 2011 accident, complainant, Chad Blanchard, has suffered damages, including but not limited to the following:*

"*a.    Past medical expenses;*

"*b.    Future medical expenses;*

"*c.    Past lost earnings;*

"*d.    Future loss of earning capacity;*

"*e.    Past and future physical pain and suffering;*

"*f.    Past and future mental and emotional anguish;*

"*g.    Past and future disability;*

"*h.    Past and future loss of enjoyment of life; and*

"*i.    Other such damages which may be proven at the trial in this matter.*"

ANSWER:    The United States, answering paragraph 13 of the Complaint and its subparts, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies each and every allegation.

"*14.*

"*Upon information and belief, on August 18, 2011, the M/V ALLURA was owned and operated by defendant, STALLION, and had been tied off in the Atchafalaya River at the Hilcorp dock located in St. Martin Parish, Louisiana as indicated above.*"

ANSWER:    The United States, answering paragraph 14 of the First Supplemental Complaint, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

*"15.*

"*At the time of the above-mentioned accident, the boat captain and other crew members aboard the M/V ALLURA, departed said vessel, without leaving a commanding officer or vessel operator located aboard.  Rather, CHAD BLANCHARD, was given a direction to remain on the vessel and perform services associated with his status as a member of the crew.*"

ANSWER:   The United States, answering paragraph 15 of the First Supplemental Complaint, states that the allegations contained therein are directed to another party and, therefore, no response by the United States is required.

*"16.*

"*Upon information and belief, the M/V ALLURA, had been negligently positioned at the Hilcorp dock facility located in St. Martin Parish, Louisiana, such that it was able to be impacted by the large wakes and/or swells being thrown by the M/V MISSISSIPPI as it passed the M/V ALLURA at a high rate and dangerous speed.*"

ANSWER:   The United States, answering paragraph 16 of the First Supplemental Complaint, states that the allegation concerning the negligent positioning of the M/V ALLURA at the Hilcorp dock facility is directed to another party and, therefore, no response by the United States is required.  It denies the allegations pertaining to the M/V MISSISSIPPI.

*"17.*

"*Upon information and belief, the mooring technique and positioning of the M/V ALLURA, at the time of the incident made the subject of this lawsuit, was improper, and allowed said vessel to be impacted by incoming wakes from passing boat traffic and subjecting the complainant, CHAD BLANCHARD, to injury.*"

ANSWER:    The United States, answering paragraph 17 of the First Supplemental Complaint, states that the allegations concerning the negligent mooring and positioning of the

8

M/V ALLURA by its crew, are directed to another party and no response by the United States is required.    To the extent that an answer is deemed required, the United States denies the allegations.  To the extent the phrase "passing boat traffic" implies the M/V MISSISSIPPI, the allegations are denied.

"<i>18.</i>

"*Upon information and belief, due to the departure of the captain and crew members other than complainant, CHAD BLANCHARD, the M/V ALLURA, was unseaworthy, as it was improperly manned and without a sufficient crew to assist complainant, CHAD BLANCHARD, in the performance of his services aboard the M/V ALLURA at the time of the accident complained of herein.*"

ANSWER:    The United States, answering paragraph 18 of the First Supplemental Complaint, states that the allegations describing the unseaworthy condition of the M/V ALLURA are directed to another party and no response by the United States is required.  To the extent that an answer is deemed required, the United States denies the allegations.

"<i>19.</i>

"*As a result of the improper mooring, and the unseaworthy conditions existing aboard the M/V ALLURA, Mr. Blanchard was severely injured by a wake created by the M/V MISSISSIPPI while passing on the Atchafalaya River.  As a result of the unanticipated wake, and improper mooring of the vessel, Mr. Blanchard was slammed to the deck and injured.*"

ANSWER:    The United States, answering paragraph 19 of the First Supplemental Complaint, states that the allegations concerning the improper mooring and unseaworthy condition of the M/V ALLURA are directed to another party and no response by the United States is required.  To the extent that an answer is deemed required, the United States denies the allegations.  It denies the allegations of the paragraph as they pertain to the M/V MISSISSIPPI.

"*20.*

"*In accordance with known protocol in place by Stallion, complainant, CHAD BLANCHARD, reported his accident and injuries sustained as a result of the above-state negligence herein.*"

ANSWER:     The United States, answering paragraph 20 of the First Supplemental Complaint, denies receiving any notice or report from Plaintiff Chad Blanchard, or from any other party, concerning any casualty occurring aboard the M/V ALLURA on August 18, 2011.

"*21.*

"*As a Jones' Act Seaman and member of the crew of M/V ALLURA, defendant, STALLION, owes a duty to provide maintenance and cure for those injuries suffered by complainant while in service of the vessel.  Upon information and belief, without reasonable grounds, Stallion arbitrarily and capriciously failed to provide or refused to authorize medical treatment being requested by complainant's treating physicians, Dr. Louis Blanda and/or Dr. Paul Fenn.*"

ANSWER:     The United States, answering Paragraph 21 of the First Supplemental Complaint, states that the allegations are directed to another party and no response by the United States is required.  To the extent that an answer is deemed required, the United States denies the allegations.

"*22.*

"*As a result of defendant, Stallion's denial for the request of treatment by complainant, CHAD BLANCHARD, he has suffered additional injury, and he has been required to go without medical treatment for substantial periods of time due to lack of financial ability and the defendant's failure to provide cure.  Said delays, have caused Mr. Blanchard to incur additional pain and suffering, which may have been avoided with defendant's agreement to provide cure.*"

10

ANSWER:    The United States, answering paragraph 22 of the First Supplemental Complaint, states that the allegations are directed to another party and no response by the United States is required.  To the extent that an answer is deemed required, the United States denies the allegations.

"*23.*

"*Additionally, defendant impermissibly and without justifiable reason, terminated complainant, CHAD BLANCHARD's maintenance at a rate of $44.00 per day, causing financial hardships to Mr. Blanchard during the period and time said maintenance was withheld in violation of Federal Law.*"

ANSWER:    The United States, answering paragraph 23 of the First Supplemental Complaint, states that the allegations are directed to another party and no response by the United States is required.  To the extent that an answer is deemed required, the United States denies the allegations.

"*24.*

"*Complainant, CHAD BLANCHARD, was injured through the negligence, vessel negligence and/or fault on the part of the captain and crew of the M/V ALLURA, who are believed to be employees of defendant, STALLION, in the following nonexclusive manners:*

"*a.    Failure to properly moor and/or tie off the M/V ALLURA in order to prepare it for wakes from incoming boat traffic;*

"*b.    Failing to provide an adequate crew;*

"*c.    The inattentiveness and lack of supervision provided by the master of the M/V ALLURA;*

"*d.    Failure to provide proper maintenance and cure;*

"*e.    Negligently failing to take all reasonable precautions to avoid injuries to plaintiff;*

"*f.    The unseaworthiness of the N/V ALLURA; and*

11

"g.     *Any and all other acts of negligence which may be proven at the trial of this matter.*"

ANSWER:   The United States, answering paragraph 24 and subparts of the First Supplemental Complaint, states that the allegations are directed to another party and no response by the United States is required.  To the extent that an answer is deemed required, the United States denies the allegations.

"*25.*

"*As a result of the injuries sustained in the August 18, 2011 accident, complainant, CHAD BLANCHARD, has suffered damages, including but not limited to:*

"*a.     Past medical expenses;*

"*b.     Future medical expenses;*

"*c.     Past lost earnings;*

"*d.     Future loss of earning capacity;*

"*e.     Past and future physical pain and suffering;*

"*f.     Past and future mental and emotional anguish;*

"*g.     Past and future disability;*

"*h.     Past and future loss of enjoyment of life; and*

"*i.     Punitive damages pursuant to <u>Atlantic Sounding Company v. Edgar L. Telson</u>, 129 S.Ct. 256 (U.S. 2009), for failure to timely meet cure and maintenance obligations owed to complainant under the Jones' Act.*"

ANSWER:     The United States, answering paragraph 25 and its subparts from the First Supplemental Complaint, states that the allegations are directed to another party and no response by the United States is required, except that the United States denies it is subject to punitive damages.  To the extent that an answer is deemed required for the allegations in subparts a.

12

through h., inclusive, the United States is without knowledge or information sufficient to form a belief as to their truth and, therefore, denies the same.

"*WHEREFORE, complainant, CHAD BLANCHARD, prays that his original and First Supplemental and Amending Complaint be deemed good and sufficient, and that the defendants, THE UNITED STATES OF AMERICA, THROUGH ITS AGENCY, THE UNITED STATE ARMY CORP. OF ENGINEERS, AND STALLION OILDFIELD SERVICES, LTD., be served with a copy of this First Supplemental and Amending Complaint, and that they be cited to appear and answer hereto, and that after the lapse of all legal delays and due proceedings are hard there be judgment rendered herein in his favor, and against defendants, THE UNITED STATES OF AMERICA, THROUGH ITS AGENCY, THE UNITED STATE ARMY CORP. OF ENGINEERS, AND STALLION OILDFIELD SERVICES, LTD., for such damages as are reasonable under the premises, together with legal interest through the date of judicial demand until paid, and that they defendants be required to pay the cost of these proceedings, as well as any and all additional and/or equitable relief as the nature of this case may allow.*"

ANSWER:   The United States, answering the "wherefore" paragraph of the First Supplemental Complaint, denies that the plaintiff is entitled to any of the relief listed therein.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

If the plaintiff was injured as alleged, which is not admitted but is specifically denied, the injuries sustained by the plaintiff were caused in whole or in part by his own negligence.

### SECOND DEFENSE

If the plaintiff was injured as alleged, which is not admitted but is specifically denied, the injuries sustained by the plaintiff were caused in whole or in part by the acts or omissions of others for whom the United States is not liable.

13

## THIRD DEFENSE

No employee, agent, or servant of the United States breached any duty owned to Plaintiff at any of the times or in any of the matters alleged in Plaintiff's Complaint and/or Plaintiff's First Supplemental and Amending Complaint.

## FOURTH DEFENSE

The United States' liability, if any, must be reduced or barred because of the comparative negligence, contributory negligence, or other tortious conduct of the plaintiff and/or parties, persons, or entities different from the United States.

## FIFTH DEFENSE

The plaintiff has failed to mitigate his damages.

## SIXTH DEFENSE

The plaintiff has failed to state a claim upon which relief can be granted.

## SEVENTH DEFENSE

The plaintiff has made insufficient service of process upon the United States.

WHEREFORE, Defendant UNITED STATES OF AMERICA, prays that judgment be entered dismissing the Complaint of Plaintiff Chad Blanchard against the United States.

DATED:  April 4, 2013

Respectfully submitted,

STUART F. DELERY
Acting Deputy Assistant Attorney General

STEPHANIE A. FINLEY
United States Attorney

JENNIFER B. FREDERICK (#23633)
Assistant United States Attorney

14

/s/  Stephen M. Ketyer
STEPHEN M. KETYER
Trial Attorney
Aviation/Admiralty Litigation
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, DC 20044-4271
stephen.ketyer@usdoj.gov
(202) 616-4034
(202) 616-4159 (Fax)
*Attorneys for United States of America*

OF COUNSEL:

ALLEN SCOTT BLACK
Assistant District Counsel
Memphis District
U.S. Army, Corps of Engineers
167 N. Main Street, Rm. B-202
Memphis, TN  38103
allen.s.black@usace.army.mil
(901)544-3662
(901)544-3336 (Fax)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 4, 2013, a copy of the foregoing United States' Answer was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record, by operation of the Court's electronic filing system.

**I FURTHER CERTIFY** that on the same date, a filed copy of the foregoing United States' Answer was mailed to the co-defendant, Stallion Oilfield Services, Ltd., c/o Corporation Service Company, 320 Somerulos St., Baton Rouge, LA 70802.

/s/  Stephen M. Ketyer
STEPHEN M. KETYER
Trial Attorney – U.S. Department of Justice

16