UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| CHAD BLANCHARD | CIVIL ACTION NO: 12-3140 |
| VERSUS | |
| | JUDGE DOHERTY |
| THE UNITED STATES OF AMERICA THROUGH ITS AGENCY THE UNITED STATES ARMY CORPS OF ENGINEERS | MAGISTRATE JUDGE HANNA |

### STALLION OILFIELD SERVICES, LTD.'S AFFIRMATIVE DEFENSES AND ANSWER TO ORIGINAL AND FIRST SUPPLEMENTAL AND AMENDING COMPLAINT AND CROSS CLAIM

NOW INTO COURT, through undersigned counsel, comes Defendant, **STALLION OILFIELD SERVICES, LTD.**, ("Stallion") who provides the following ANSWER and AFFIRMATIVE DEFENSES to Plaintiff's COMPLAINT as modified by PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDING COMPLAINT of **CHAD BLANCHARD** ("Plaintiff"), and CROSS-CLAIM against **THE UNITED STATES OF AMERICA**, ("United States") and alleges as follows upon information and belief:

### ANSWER

### FIRST DEFENSE

The Complaints fail to state a claim or cause of action on which relief can be granted.

## **SECOND DEFENSE**

AND NOW, further answering the separate allegations of the Complaints, defendant admits, denies, and avers as follows:

1.

Stallion contends that the allegations of Paragraph 1 of the Complaint contain conclusions of law that are reserved to the Court for determination and to which no response is required. To the extent a response is deemed necessary, said allegations are denied.

2(A).

Stallion contends that the allegations of Paragraph 2(A) of the Complaint are directed to another party and, therefore, no response by Stallion is required. To the extent that an answer is deemed necessary, said allegations are denied for lack of sufficient information to justify a belief therein.

2(B).

In response to Paragraph 2(B) as supplemented by Paragraph V of Plaintiff's First Supplemental and Amending Complaint, Stallion denies that it is a foreign insurer authorized to do and doing business in the State of Louisiana.

3.

Stallion contends that the allegations of Paragraph 3 the Complaint are directed to another party and, therefore, no response by Stallion is required. To the extent that an answer is deemed necessary, said allegations are denied for lack of sufficient information to justify a belief therein.

4.

Stallion denies the allegations of Paragraph 4 of the Complaint as amended by Paragraph II of Plaintiff's First Supplemental and Amending Complaint.

5.

Stallion denies the allegations of Paragraph 5 of the Complaint as supplemented and amended by Paragraph III of Plaintiff's First Supplemental and Amending Complaint.

6.

Stallion is unable to admit or deny the allegations of Paragraph 6 of the Complaint as supplemented and amended by Paragraph IV of Plaintiff's First Supplemental and Amending Complaint. Should an answer be deemed necessary, said allegations are denied for lack of sufficient information to justify a belief therein.

7.

Stallion admits the allegations of Paragraph 7 of the Complaint.

8.

Stallion denies the allegations of Paragraph 8 of the Complaint.

9.

Stallion denies the allegations of Paragraph 9 of the Complaint.

10.

Stallion denies the allegations of Paragraph 10 of the Complaint.

11.

Stallion contends that the allegations of Paragraph 11 and its subparts are directed to another party and, therefore, no response by Stallion is required. To the extent that an answer is

deemed necessary, said allegations are denied for lack of sufficient information to justify a belief therein.

12.

Stallion contends that the allegations of Paragraph 12 the Complaint and its subparts are directed to another party and, therefore, no response by Stallion is required. To the extent that an answer is deemed necessary, said allegations are denied for lack of sufficient information to justify a belief therein.

13.

Stallion denies the allegations of Paragraph 13 of the Complaint and its subparts.

14.

Stallion admits that it is owner and operator of the M/V ALLURA. Stallion denies the remaining allegations Paragraph 14 of the Complaint as supplemented by Paragraph VI of Plaintiff's First Supplemental and Amending Complaint.

15.

Stallion denies the allegations of Paragraph 15 of the Complaint as supplemented by Paragraph VI of Plaintiff's First Supplemental and Amending Complaint.

16.

Stallion denies the allegations of Paragraph 16 of the Complaint as supplemented by Paragraph VI of Plaintiff's First Supplemental and Amending Complaint.

17.

Stallion denies the allegations of Paragraph 17 of the Complaint as supplemented by Paragraph VI of Plaintiff's First Supplemental and Amending Complaint.

18.

Stallion denies the allegations of Paragraph 18 of the Complaint as supplemented by Paragraph VI of Plaintiff's First Supplemental and Amending Complaint.

19.

Stallion denies the allegations of Paragraph 19 of the Complaint as supplemented by Paragraph VI of Plaintiff's First Supplemental and Amending Complaint.

20.

Stallion is unable to admit or deny the allegations of Paragraph 20 of the Complaint as supplemented by Paragraph VI of Plaintiff's First Supplemental and Amending Complaint, but, should an answer be deemed necessary, said allegations are denied for lack of sufficient information to justify a belief herein.

21.

Stallion denies the allegations of Paragraph 21 of the Complaint as supplemented by Paragraph VI of Plaintiff's First Supplemental and Amending Complaint.

22.

Stallion denies the allegations of Paragraph 22 of the Complaint as supplemented by Paragraph VI of Plaintiff's First Supplemental and Amending Complaint.

23.

Stallion denies the allegations of Paragraph 23 of the Complaint as supplemented by Paragraph VI of Plaintiff's First Supplemental and Amending Complaint.

24.

Stallion denies the allegations of Paragraph 24 of the Complaint and its subparts as supplemented by Paragraph VI of Plaintiff's First Supplemental and Amending Complaint.

25.

Stallion denies the allegations of Paragraph 25 of the Complaint and its subparts as supplemented by Paragraph VI of Plaintiff's First Supplemental and Amending Complaint.

26.

Stallion denies the allegations of Paragraph VII of Plaintiff's First Supplemental and Amending Complaint.

27.

Stallion denies that the plaintiff is entitled to any relief sought in the "wherefore" paragraph as supplemented by Paragraph VIII of Plaintiff's First Supplemental and Amending Complaint.

### THIRD DEFENSE

Stallion denies each and every allegation unless specifically admitted herein.

### FOURTH DEFENSE

Stallion avers that the Plaintiff's injuries, if any, were caused exclusively or contributed to substantially by his own negligence which is pled in bar or diminution of recovery, herein.

### FIFTH DEFENSE

Stallion avers that the Plaintiff's injuries, if any, were caused by an unavoidable accident for which Stallion cannot be held legally responsible.

### SIXTH DEFENSE

Stallion avers that the Plaintiff's injuries, if any, were caused by the risks and hazards of his employment, all of which he voluntarily assumed.

## SEVENTH DEFENSE

Stallion avers that the Plaintiff's injuries, if any, were caused or contributed to by other parties for whom Stallion is not legally responsible.

## EIGHTH DEFENSE

To the extent applicable, Stallion pleads application of the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*, and Rule F of the Federal Rules of Civil Procedure, Supplemental Rules of Certain Admiralty and Maritime Claims.

## NINTH DEFENSE

Stallion avers that the Plaintiff failed to disclose material information regarding his previous medical condition when he applied for employment with Stallion, resulting in a complete forfeiture of any and all entitlements he is currently seeking including without limitation, maintenance and cure.

## TENTH DEFENSE

Stallion asserts that Plaintiff has obtained maximum medical cure, is no longer in need of and therefore no longer entitled to compensation benefits, be they maintenance and cure, or otherwise.

## ELEVENTH DEFENSE

Stallion avers that Plaintiff is not a Jones Act seaman and, therefore, is not entitled to maintenance or cure.

## TWELFTH DEFENSE

In the alternative, if it is found that Plaintiff is a seaman, which is specifically denied, plaintiff has failed to establish he is entitled to maintenance or cure and/or has reached maximum medical improvement and is not entitled to maintenance or cure.

## THIRTEENTH DEFENSE

The Complaint and First Supplemental and Amending Complaint fail to state a claim or cause of action upon which relief can be granted.

## FOURTEENTH DEFENSE

Stallion reserves the right to supplement these affirmative defenses as further discovery may warrant.

## CROSS-CLAIM

**AND NOW COMES**, Stallion Oilfield Services, Ltd., ("Stallion"), Plaintiff-in-Cross-Claim, who for Cross-Claim against the United States of America, ("United States"), Defendant-in-Cross-Claim, *in personam*, in a cause of action, civil and maritime, respectfully avers as follows:

### I.

Stallion is a general partnership organized and existing under the laws of Texas and is a party defendant in the above numbered and entitled cause.

### II.

Made Defendant-in-Cross-Claim herein is the United States of America ("United States"), also a party defendant in the above numbered and entitled cause.

### III.

At all times pertinent hereto, the United States through its agency, the United States Army Corps of Engineers, was the owner and operator of the M/V MISSISSIPPI, the vessel identified in the Complaint and Plaintiff's First Supplemental and Amending Complaint.

IV.

Chad Blanchard has brought a seaman's action against Stallion, the allegations of which claim have been denied by Stallion.

V.

Stallion avers that its cross-claim against the United States arises out of the same transaction or occurrence that is the subject matter of the original action of Mr. Blanchard's demand against Stallion.

VI.

Jurisdiction of this Honorable Court is based on the existence of this Honorable Court's jurisdiction over the original complaint, as amended.

VII.

Stallion avers that the United States was negligent in its operation of the M/V MISSISSIPPI and was obligated to exercise due and proper care and to proceed carefully and prudently so as to avoid causing wake damage, including but not limited to injury to personnel.

VIII.

If the Plaintiff suffered any damage/injury and is entitled to recover either in whole or in part against Stallion by reason of the matters alleged in Plaintiff's Complaint and First Supplemental and Amending Complaint, which is expressly denied, such damages were not caused or contributed to by any act or omission on the part of Stallion, or its employees, or any person for whom Stallion were responsible. Rather, said damages were caused by the fault, neglect and lack of due care on the part of Defendant-in-Cross-Claim, the United States, as will be more fully shown at the trial of this cause.

### IX.

Stallion avers that it was no way negligent or otherwise at fault in causing or contributing to Plaintiff's accident. If, to the extent that, however, Stallion becomes liable to pay any sums to the Plaintiff in the main demand buy settlement and/or judgment and/or otherwise, then Stallion is entitled to complete indemnity from the United States because the act of negligence, strict liability, breach of warranty, and/or other faults of the United States solely caused the accident and injuries which the Plaintiff allegedly sustained.

### X.

Alternatively, if found liable for any negligence or fault, which is specifically denied, Stallion avers that such negligence or fault was secondary, vicarious, technical, and passive as compared to the primary, actual, and active negligence, strict liability, breach of warranty, and/or other fault of the United States, and, accordingly, Stallion avers that it is entitled to complete indemnity from the United States for any and all sums that Stallion may have to pay to the Plaintiff by way of judgment and/or settlement and/or otherwise, including interest, costs and attorneys' fees.

### XI.

Further in the alternative, the negligence, strict liability, breach of warranty, and/or other fault of the United States substantially caused or contributed to the accident and the injuries which the Plaintiff allegedly sustained, entitling Stallion to comparative contribution for any and all amounts for which Stallion may be come liable to pay to the Plaintiff by way of judgment and/or settlement and/or otherwise.

WHEREFORE, the premises considered, Plaintiff-in-Cross-Claim, **STALLION OILFIELD SERVICES, LTD.,** prays that this, its Answer and Defenses and Cross-Claim, be deemed good and sufficient, and that after due proceedings had, there be a decree in favor of Plaintiff-in-Cross-Claim, Stallion Oilfield Services, Ltd., against plaintiff, **CHAD BLANCHARD**, dismissing plaintiff's Original and Plaintiff's First Supplemental and Amending Complaints, with prejudice, and at plaintiff's cost. Furthermore, Stallion prays for judgment on its Cross-Claim in its favor and against the United States of America for recover by way of indemnity and/or contribution and/or reimbursement and/or recovery of over and/or otherwise as a matter of indemnity, contribution, contract, or otherwise, and as a matter of law for any sums which Stallion may be obligated to pay to the Plaintiff in the main demand by judgment and/or settlement and/or otherwise, including interest, and Stallion specifically prays for all costs, attorneys' fees, maintenance, cure, and expenses incurred in the defense of this action, and for all such general equitable relief as the nature of the case may permit.

Respectfully submitted,

BLUE WILLIAMS, L.L.P.

*/s/ Scott A. Soule*
_____
SCOTT A. SOULE, T.A. #20379
JADE C. MCKEOUGH, #28147
3421 North Causeway Blvd., Suite 900
Metairie, LA 70002
Telephone: (504) 830-4977
Facsimile: (504) 849-3883
**ATTORNEYS FOR STALLION OILFIELD SERVICES LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of April, 2013, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this fling will be sent to opposing counsel by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to all non-CM/ECF participants.

/s/ Scott A. Soule
_____
SCOTT A. SOULE

1721238_1