UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CHAD BLANCHARD                                CIVIL ACTION NO. 6:12CV3140

VERSUS                                        JUDGE REBECCA F. DOHERTY

U.S.A., ET AL.                                MAGISTRATE JUDGE PATRICK J. HANNA

## SCHEDULING ORDER

The following case-specific deadlines are hereby set in accordance with Rule 16(b) FED. R. CIV. P.:

**BENCH TRIAL**:  **June 2, 2014 at 9:30AM in Lafayette before Judge REBECCA F. DOHERTY. Counsel are to present in Court at 9:00 AM**.

**PRETRIAL CONFERENCE:**  **May 21, 2014 at 9:30 AM in Lafayette before Judge REBECCA F. DOHERTY**

**If the parties choose to adopt this case-specific Scheduling Order** (rather than crafting their own, which must contain all pertinent matters addressed in FED. R. CIV. P. 26(f)(3)), the Court hereby **ORDERS** any and all methods of **discovery** which are authorized by the Federal Rules of Civil Procedure **may begin** in this case **IMMEDIATELY** upon issuance of this Scheduling Order. *See* FED. R. CIV. P. 26(d)(1). **Parties are particularly encouraged to submit a proposed scheduling order in cases where early exchange of expert reports is essential to the progression of the case - i.e. products liability cases, patent infringement cases, etc.** The parties are to be cognizant of the fact that due to the "court's need to control its docket, a party's violation of the court's scheduling order should not routinely justify a continuance." *Hamburger v. State Farm Mutual Auto Insurance Co.*, 361 F.3d 875, 884 (5th Cir. 2004)

**PRETRIAL DEADLINES:**      **FOR**:

Within 5 days of receipt      1.    **Furnishing copies of reports of treating physicians**.

5/29/2013                     2.    **Initial Disclosures.**
*21 days from S.O.*                  *See* FED. R. CIV. P. 26 (a).

6/12/2013                     3.    **Rule 26(f)Conference of Parties.**
*35 days from S.O.*                  *See* FED. R. CIV. P. 26(f).

6/26/2013                     4.    **Rule 26(f) Report (PHASE I) to be filed into the record.**
*49 days from S.O.*                  *See* Form Rule 26(f) Report (Phase I) posted on our website, at
                                     http://www.lawd.uscourts.gov/.    *See also* FED. R. CIV. P. 26(f).

| | | |
|---|---|---|
| 6/5/2013<br>*350 days before PTC* | 5. | **Joinder of Parties and Amendment of Pleadings**.<br>See FED. R. CIV. P. 14 and 15. |
| 10/8/2013<br>*225 days before PTC* | 6. | **Phase I Discovery Deadline.**<br>"Phase I discovery" is the deadline for all discovery, except that which relates to expert witnesses. **Requests for discovery of surveillance evidence must be made by this date.**[1] |

---

[1] The following rule governs discovery of *any* surveillance evidence intended to be offered at trial, whether offered for impeachment purposes or as substantive evidence. See <u>Chiasson v. Zapata Gulf Marine, Corp.</u>, 988 F.2d 513, 517 (5th Cir. 1993):

(1) A party must make a timely request for discovery of surveillance evidence. Timeliness means that this request must be made prior to the end of the Phase I discovery deadline. An untimely request for surveillance evidence will be treated as any other untimely discovery request.

(2) The respondent need not respond to the discovery request and need not indicate whether there exists any evidence until 35 days before pretrial. On or before the deadline, the respondent shall turn over to the requesting party all surveillance evidence in his possession or control, or identify the evidence and assert the evidence is privileged or protected. See FED R. CIV. P. 26(b)(5). Additionally, respondent shall identify the individual(s) who will be necessary to lay a proper foundation for admission of such evidence at trial.

(3) The respondent has the right to depose or redepose the individual who might have been the subject of the surveillance, prior to responding to the discovery request; the party requesting the surveillance evidence may depose any individuals who conducted the surveillance after receipt of the surveillance evidence.

(4) Depositions shall be upon reasonable notice to all parties, and shall be limited in scope to impeachment issues and updating any previous deposition.

(5) Surveillance evidence will not be accepted at trial unless:

   (a) the offering party has complied with the requirements set forth above;

   (b) the party subject to surveillance has failed to request discovery of the evidence in question; or

   (c) the offering party shows good cause for an exception to these rules.

(6) Any party who intends to offer surveillance films or video-tapes into evidence at trial shall meet with all parties who have requested discovery of surveillance evidence and they shall jointly edit the material and agree on the portions to be shown at trial to the extent possible. The film shall be edited to remove non-essential and unnecessary material.

If agreement cannot be reached, appropriate motions shall be filed with the Clerk of Court, AND A COPY DELIVERED TO THE TRIAL JUDGE'S CHAMBERS, no later than 10 days before trial.

| | | |
|---|---|---|
| 11/7/2013<br>*195 days before PTC* | 7. | **Settlement Discussion**.<br>In an effort to avoid unnecessary litigation expenses - e.g. the unnecessary retention of expert witnesses, drafting of dispositive motions, etc. - on or before this date, with or without a third party mediator, *counsel* are **ORDERED** to meet, **IN PERSON** (unless prior permission otherwise is obtained from the Court), and conduct meaningful settlement discussions and negotiations. All *parties* must participate, either in person or by telephone. **COUNSEL ARE HEREBY PLACED ON NOTICE** they will be required to affirm in the Rule 26(f) (Phase II) report (see No. 8 below), the date counsel conducted settlement discussions, the location, all persons present (and whether each participated in person or by telephone), and, **IN GENERAL TERMS ONLY**, why settlement negotiations were unsuccessful- **NO SPECIFIC MONETARY AMOUNTS ARE TO BE REFERENCED.** Failure to comply with this order will put the parties at risk of the imposition of sanctions pursuant to Rule 11. Should the parties be of the opinion settlement discussions would be wholly unsuccessful, they must file an appropriate motion with the Court. |
| 11/14/2013<br>*188 days before PTC* | 8a. | **Rule 26(f) Report (PHASE II) to be delivered to the Magistrate Judge assigned to this matter**.<br>*See* Form Rule 26(f) Report (Phase II) posted on our website, at http://www.lawd.uscourts.gov/. *See also* FED. R. CIV. P. 26(f). **Counsel are encouraged** to begin scheduling expert depositions at this time, if they have not already done so. |
| | b. | **Plaintiff's Expert Information/Reports**.<br>*See* FED. R. CIV. P. 26(a)(2)(B). Counsel are cautioned expert witnesses will not be allowed to testify to material not contained within their reports.[2] Any party intending to use "electronically generated exhibits or aids" must allow opposing counsel to examine the exhibit or a copy thereof and all underlying assumptions and/or software, on or before the party's expert info/report deadline. ("Electronically generated exhibits or aids" refers to any exhibit or demonstrative aid for use at trial which is created in whole or in part with the aid of computer software.) |
| 12/23/2013<br>*150 days before PTC* | 9. | **Defendant's Expert Information/Reports**.<br>*See* FED. R. CIV. P. 26(a)(2)(B). Counsel are cautioned expert witnesses will not be allowed to testify to material not contained within their reports.[3] Any party intending to use "electronically generated exhibits or aids" must allow opposing counsel to examine the exhibit or a copy thereof and all underlying assumptions and/or software, on or before the party's expert info/report deadline. ("Electronically generated exhibits or aids" refers to any exhibit or demonstrative aid for use at trial which is created in whole or in part with the aid of computer software.) |

---

[2] The parties are hereby referred to FED. R. CIV. P. 26(a)(2)(B). Pursuant to that rule, the parties may stipulate that their expert witnesses will not prepare a written report.

[3] The parties are hereby referred to FED. R. CIV. P. 26(a)(2)(B). Pursuant to that rule, the parties may stipulate that their expert witnesses will not prepare a written report.

| | | |
|---|---|---|
| 2/10/2014<br>*100 days before PTC* | 10. | **Expert depositions.** |
| 2/20/2014<br>*90 days before PTC* | 11a. | **Dispositive Motions.** |
| | b. | **Any motion to exclude or limit expert testimony (including *Daubert* motions) which cannot be decided on the briefs and will require an evidentiary hearing.**  If a hearing is not required, the parties may submit these types of motions on or before the deadline for submission of Motions in Limine.*⁴ |
| 4/16/2014<br>*35 days before PTC* | 12a. | **Production of requested surveillance evidence.**<br>*See* footnote 1. |
| | b. | **Supplemental deposition of plaintiff.**<br>*See* FED. R. CIV. P. 30(a)(2). |
| 4/21/2014<br>*30 days before PTC* | 13. | **Settlement Negotiations.**<br>As officers of the Court, counsel in civil cases have a responsibility to minimize the expense of the administration of justice, to refrain from burdening unnecessarily those members of the public called for jury duty, and to avoid inconveniencing witnesses unnecessarily.  To these ends, and in an effort to avoid unnecessary expenses to counsel and their clients (e.g. the unnecessary drafting of the pre-trial order, motions in limine, jury instructions, jury interrogatories, creation of bench books, etc.), *counsel* are **ORDERED** to meet **IN PERSON**(unless prior permission otherwise is obtained from the Court), with or without a third party mediator, to conduct meaningful settlement negotiations.  Additionally, all *parties* must attend either in person, or by telephone.  Should the parties be of the opinion settlement discussions would be wholly unsuccessful, they must file an appropriate motion with the Court. |
| 4/23/2014<br>*28 days before PTC* | 14. | **Rule 11 Affirmation of Settlement Negotiations.**<br>The parties must submit to  the Court, subject to the sanctions provided for in FED. R. CIV. P. 11, a document listing the date counsel conducted settlement discussions, the location, all persons present (and whether each participated in person or by telephone), and, **IN GENERAL TERMS ONLY**, why settlement negotiations were unsuccessful **- NO SPECIFIC MONETARY AMOUNTS ARE TO BE REFERENCED.** * |
| 4/23/2014<br>*28 days before PTC* | 15. | **Motions in Limine.*** |

---

⁴  For all matters marked with a single asterisk (*), or which are filed within 30 days of the Pretrial Conference (or thereafter), or which otherwise require the court's IMMEDIATE attention, a courtesy copy must be provided under separate cover to the chambers of Judge REBECCA F. DOHERTY, 800 Lafayette St., Suite 4900, Lafayette, LA  70501.

| | | |
|---|---|---|
| 4/28/2014<br>*23 days before PTC* | 16. | **Plaintiff is to submit to defendant** plaintiff's portions of the **pretrial order** (for a jury trial) **or outline** (for a bench trial), as well as proposed versions of the joint sections of the order or outline (*i.e.* procedural history, stipulations, jury instructions, jury interrogatories, etc.).[5] [6] |
| 5/5/2014<br>*16 days before PTC* | 17. | **Defendant is to submit to plaintiff** defendant's portions of the **pretrial order** or **outline**, as well as defendant's proposed versions of the joint sections of the order or outline (i.e. procedural history, stipulations, jury instructions, jury interrogatories, etc.).[7] |
| 5/9/2014<br>*12 days before PTC* | 18a. | **For bench trials only:**<br>Plaintiff is permitted to respond to defendant's outline. |
| | b. | **Meeting of Counsel to Complete Pretrial Order or Outline**.<br>The meeting must include all TRIAL counsel, but it may be conducted by telephone, unless otherwise ordered by the Court. Signatures may be original or by facsimile. Parties are to create one joint document for submission to the Court (and not merely combine their two proposals). |
| 5/12/2014<br>*10 days before PTC* | 19a. | **Pretrial Order/Pre-trial Outline to be Filed into the Record.***<br>*See* forms posted on our website and FED. R. CIV. P. 26(a)(3). |
| | b. | **Edited Trial Depositions and Objections.***<br>All depositions to be used at trial, including video depositions, shall be edited to remove non-essential, repetitious, and unnecessary material, as well as objections and colloquy of counsel. All objections to the deposition will be considered waived unless briefed and filed with the Clerk of Court, **WITH A COPY DELIVERED TO THE TRIAL JUDGE'S CHAMBERS,** on or before the 10 day deadline. Counsel are cautioned to be on notice of this deadline, and schedule all trial depositions in a timely manner, so that counsel will meet this deadline. |

---

[5] **FOR JURY TRIALS, PARTIES ARE TO SUBMIT A PRE-TRIAL ORDER. FOR BENCH TRIALS, PARTIES ARE TO SUBMIT A PRE-TRIAL OUTLINE.** (*See* forms posted on our website, at http://www.lawd.uscourts.gov/ for content and format of these documents.)

[6] **THE OUTLINE REQUIREMENT ADDITIONALLY APPLIES TO ALL COUNTERCLAIMS, CROSS-CLAIMS, THIRD PARTY CLAIMS, AND INTERVENTIONS.**

[7] See footnotes 5 and 6.

| | | |
|---|---|---|
| 5/14/2014<br>*7 days before PTC* | 20a. | **Scanned Electronic Exhibits.**<br>In cases where exhibits are to be presented electronically, a CD-ROM containing all exhibits must be delivered to the Courtroom Deputy by this date. Please refer to the <u>Electronic Courtroom</u> section of the form Rule 26(f) Phase I Report, as well as the "Guidelines for Submission of Exhibits on CD ROM" posted on our website, at http://www.lawd.uscourts.gov/ or obtain a copy from the Clerk of Court's office.<br><br>If you have any further questions not answered in the sources cited above, please contact the Electronic Courtroom Coordinator for the Western District of Louisiana or the Judge's Courtroom Deputy at (337) 593-5000. |
| | b. | **Real Time Glossary.**<br>The real time glossary shall be delivered **to the court reporter**. The glossary shall contain all "key word indexes" from **all** depositions taken in the case, all witness lists, exhibit lists and copies of all expert reports. See example of a Real Time Glossary posted on our website at http://www.lawd.uscourts.gov/. |
| | c. | **Bench Books.**<br>The parties shall submit **two** bench books to Chambers, FOR THE EXCLUSIVE USE of the trial judge and her law clerk.[8] |

Deadlines in this Order are case-specific and will override the deadlines for the same matter as found in the applicable Federal Rule of Civil Procedure. All deadlines not listed in this case-specific Scheduling Order are to be in accordance with the deadlines contained within the Federal Rules of Civil Procedure.

The Court shall enforce Rule 30, particularly Rule 30(a)(2)(A) (ten-deposition rule) and 30(d)(1) (depositions normally limited to one day/7 hours), absent written stipulation of the parties or Court order. The Court shall enforce Rule 26, unless changed by this case specific order or subsequent court order.

**LEAD COUNSEL/TRIAL COUNSEL MUST BE PRESENT AT ALL PROCEEDINGS IN WHICH THE COURT WILL PARTICIPATE (INCLUDING TELEPHONE CONFERENCES) UNLESS PRIOR PERMISSION IS OBTAINED BY THE COURT. Lead counsel is the attorney designated "lead attorney" and listed first on the docket sheet as a party's counsel, unless deemed otherwise by the Court**.

Lafayette, Louisiana, this 8th day of May, 2013.

                                         BY DIRECTION OF THE COURT
                                         TONY R. MOORE, CLERK

                                         BY: s/Christine Guidry
                                                   Deputy Clerk

---

[8] Please note in addition to the bench books, at trial, counsel are to have **original exhibits** for submission to the courtroom deputy during trial, as well as copies of exhibits for their personal use.

# **PLEASE NOTE**

Judge Doherty has moved to a trailing docket. Consequently, all trials will be set for a two-week period; trials may fall anywhere within that two-week period. However, final trial settings will be determined at or after your pre-trial conference which normally is held three weeks before the trial week setting.

# **PLEASE NOTE**

Forms and examples referenced in the scheduling order may be found on our web site at http://www.lawd.uscourts.gov.   Follow the links at Chambers, JUDGE REBECCA F. DOHERTY,  Forms tab, Civil Cases.