UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| CHAD BLANCHARD | CIVIL ACTION NO: 12-3140 |
| VERSUS | |
| | JUDGE DOHERTY |
| THE UNITED STATES OF AMERICA THROUGH ITS AGENCY THE UNITED STATES ARMY CORPS OF ENGINEERS | MAGISTRATE JUDGE HANNA |

**AFFIDAVIT AND MEMORANDUM IN SUPPORT OF COSTS**

NOW INTO COURT, through undersigned counsel, comes Defendant, Stallion Oilfield Services, Ltd., ("Stallion"), petitioner herein, which files this Affidavit and Memorandum in Support of Costs pursuant to the trial court's order of June 23, 2014 and respectfully avers:

1.

A trial was held on this matter from June 17, 2014 through June 20, 2014, after which the trial court issued a Judgment, dated June 23, 2014, wherein judgment was entered in favor of defendant, Stallion, in its capacity as plaintiff in cross-complaint, against the United States of America, through its agency the United States Army Corps of Engineers. Included in the order was a taxation of costs against the United States pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.

2.

Under Federal Rule of Civil Procedure 54(d)(1), costs (other than attorney's fees) are recoverable by a prevailing party. While the taxation of costs under this Rule is within the court's discretion, there exists a strong presumption that the prevailing party will be awarded costs.[1] Consequently, the "general discretion conferred by Rule 54(d)(1) has been circumscribed

---

[1] *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006).

1923465-1

by the judicially-created condition that a court 'may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so.'"[2]

Nevertheless, there is a restriction when a prevailing party seeks to recover costs from the United States, as in the present case. Rule 54(d)(1) states that costs against the United States may be imposed "only to the extent allowed by law."[3] In this instance, the plaintiff brought suit against the United States under the Public Vessels Act ("PVA")[4], which allows a civil action to be brought against the United States for damages caused by a public vessel of the United States.[5] Actions brought under the Public Vessels Act are further subject to the provisions of the Suits in Admiralty Act,[6] except to the extent that the two are inconsistent (in which case the provisions of the Public Vessels Act prevail).[7] While there is an inconsistency between the two statutes with respect to recoverable interest,[8] there is none with respect to costs: the PVA is silent, and thus costs recoverable under the PVA are subject to the provision of the SAA, which specifically allows costs to be taxed against the United States.[9] Consequently, in this instance, Stallion is statutorily permitted to recover costs from the United States.

3.

Affiant herein, Scott A. Soule, a person of the full age of majority, who, being duly sworn, avers that he is the attorney of record for Stallion, and, further, that he is familiar with the

---

[2] *Id.*, citing *Schwarz v. Folloder*, 767 F.2 125, 131 (5th Cir. 1985).

[3] *Id.*

[4] 46 U.S.C. §§ 31101, *et seq.*

[5] 46 U.S.C. § 31102(a).

[6] 46 U.S.C. §§ 30901, *et seq.*

[7] 46 U.S.C. § 31103.

[8] Under the SAA, interest is recoverable at a rate of four percent per year, but not for the period before the action was filed. *See* 46 U.S.C. § 30911(a). Under the PVA, only post-judgment interest is recoverable. *See* 46 U.S.C. § 31107.

[9] 46 U.S.C. § 30911.

1923465-1

costs incurred in the litigation styled *Chad Blanchard v. United States of America, on behalf of the United States Army Corps of Engineers*, Case No. 12-cv-3140 on the docket of the United States District Court for the Western District of Louisiana, Lafayette Division.

4.

Costs recoverable under Rule 54(d) of the Rule of Civil Procedure are governed by 28 U.S.C. § 1920. Using that statute as guidance, affiant herein avers that Stallion has incurred and paid the costs itemized below in connection with the litigation of this matter.

1. **Fees of the Clerk**[10]
   **Motion to Substitute Counsel of Record and Order**                     $20.00[11]
   **Third Party Petition and**
      **Motion to Substitute Counsel of Record**                            $269.00[12]

2. **Deposition transcript fees for depositions of:**[13]
   **Chad Blanchard**                                                        $829.95[14]
   **Capt. Harris Knott and Ronnie Powell**                                  $370.00[15]
   **Cary Lewis**                                                            $406.20[16]
   **Troy Simar, Jr.**                                                       $163.00[17]
   **Capt. Ronald L. Campana**                                               $293.40[18]
   **Richard L. Frenzel**                                                    $144.10[19]
   **Dr. Louis C. Blanda, Jr.**                                              $183.90[20]

---

[10] 28 U.S.C. § 1920(1).

[11] *See* Check Requests and Copies of Checks submitted to the Clerk of Court, 27th JDC/St. Landry, attached hereto as Exhibit A.

[12] *See* Exhibit A.

[13] 28 U.S.C. § 1920(2).

[14] *See* Invoice for Deposition Transcript of Chad Blanchard, attached hereto as Exhibit B.

[15] *See* Invoice and copy of check submitted for Deposition Transcripts of Captain Harris Knott and Ronnie Powell, attached hereto as Exhibit C.

[16] *See* Invoice and copy of check submitted for Deposition Transcript of Cary Lewis, attached hereto as Exhibit D.

[17] *See* Invoice and copy of check submitted for Deposition Transcript of Troy Simar, Jr., attached hereto as Exhibit E.

[18] *See* Invoice and copy of check submitted for Deposition Transcript of Captain Ronald L. Campana, attached hereto as Exhibit F.

[19] *See* Invoice and copy of check submitted for Deposition Transcript of Richard L. Frenzel, attached hereto as Exhibit G.

1923465-1

|  |  |
|---|---|
| Capt. Leo Hendrix | $393.25[21] |
| 3. Fees for witnesses[22] Travel expenses[23] for Captain Ronald L. Campana | $162.50[24] |
| 4. Copying Costs[25] Stallion's portion of the Joint Trial Exhibit Book[26] | $346.50[27] |
| Pre-Trial Copies (1,131 pages) in preparation of Pre-Trial Conference and for use at trial | $113.10[28] |
| 5. Docket fees under 28 U.S.C. 1923[29] For Admiralty Cases | $20.00 |
| For the deposition of Dr. Louis Blanda, which was submitted into evidence | $2.50 |
| **TOTAL** | **$3,717.40** |

5.

Attached to this Affidavit of Costs are the itemized bills of costs generated as a result of undersigned counsel's representation of Stallion Oilfield Services, Ltd., which total $3,717.40.

---

[20] *See* Invoices and copy of check submitted for Deposition Transcripts of Dr. Louis C. Blanda, Jr. and Captain Leo Hendrix, attached hereto as Exhibit H.

[21] Exhibit H.

[22] 28 U.S.C. § 1920(2).

[23] *See* 28 U.S.C. § 1821(c)(2).

[24] *See* Invoice from and copy of check submitted to Campana Marine Service, Inc., attached hereto as Exhibit I.

[25] 28 U.S.C. § 1920(4).

[26] Costs incurred in producing a full set of trial exhibits are recoverable. *Behara v. C. R. Bard, Inc.*, 870 F.Supp. 1085, 1092 (N.D.Ga. 1994).

[27] *See* Invoice from and copy of check submitted to the Law Offices of Joseph F. Gaar, Jr., attached hereto as Exhibit J.

[28] *See* Billing Records, attached hereto as Exhibit K.

[29] 28 U.S.C. § 1920(5).

6.

Affiant herein further avers, in accordance with 28 U.S.C. § 1924, that the items included in this affidavit and identified above as taxable costs are correct and have been necessarily incurred in litigation of this matter.

Respectfully submitted,

BLUE WILLIAMS, L.L.P.

/s/ Scott A. Soule

SCOTT A. SOULE – Bar #20379
ssoule@bluewilliams.com
JOSEPHINE A. HOOD- Bar #33894
jhood@bluewilliams.com
1060 West Causeway Approach
Mandeville, LA  70471
Telephone:  (504) 830-4977
Facsimile:   (504) 849-3883
ATTORNEYS FOR DEFENDANT,
STALLION OILFIELD SERVICES, LTD.

SWORN TO AND SUBSCRIBED BEFORE ME, Elizabeth S. Sronzer, NOTARY PUBLIC, THIS 17th DAY OF July, 2014.

_____
NOTARY PUBLIC

COMMISSION EXPIRES:

At Death

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of July, 2014, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to opposing counsel by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to all non-CM/ECF participants.

/s/ Scott A. Soule
_____
Scott A. Soule

1923465-1