UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| CHAD BLANCHARD | CIVIL ACTION NO:12-3140 |
| VERSUS | |
| | JUDGE DOHERTY |
| THE UNITED STATES OF AMERICA THROUGH ITS AGENCY THE UNITED STATES ARMY CORPS OF ENGINEERS | MAGISTRATE JUDGE HANNA |

## AFFIDAVIT AND MEMORANDUM IN SUPPORT OF COSTS

NOW INTO COURT, through undersigned counsel, comes plaintiff, CHAD BLANCHARD, petitioner herein, which files this Affidavit and Memorandum in Supports of Costs pursuant to the trial court's Order of June 23, 2014 and respectfully avers:

1.

A trial was held on this matter from June 17, 2014 through June 20, 2014, after which the trial court issued a Judgment, dated June 23, 2014, wherein judgment was entered in favor of plaintiff, Chad Blanchard, against the United States of America, through its agency the United States Army Corps of Engineers. Included in the order was a taxation of costs against the united States pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.

2.

Under Federal Rule of Civil Procedure 54(d)(1), costs (other than attorney's fees) are recoverable by a prevailing party. While the taxation of costs under this Rule is within the court's

discretion, there exists a strong presumption that the prevailing party will be awarded costs.[1] Consequently, the "general discretion conferred by Rule 54(d)(1) has been circumscribed by the judicially-created condition that a court "may neither deny nor reduce a previaling party's request for costs without first articulating some good reason for doing so."[2]

Nevertheless, there is a restriction when a prevailing party seeks to recover costs from the United States, as in the present case. Rule 54(d)(1) states that costs against the United States may be imposed "only to the extent allowed by law."[3] In this instance, the plaintiff brought suit against the United States under the Public Vessels Act ("PVA")[4], which allows a civil action to be brought against the United States for damages caused by a public vessel of the United States.[5] Actions brought under the Public Vessels Act are further subject to the provisions of the Suits in Admiralty Act,[6] except to the extent that the two are inconsistent (in which case the provisions of the Public Vessels Act prevail).[7] While there is an inconsistency between the two statutes with respect to recoverable interest[8], there is none with respect to costs: the PVA is silent, and thus costs recoverable under the PVA are subject to the provision of the SAA, which specifically allows costs to be taxed

---

[1] *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006).

[2] *Id.*, citing *Schwarz v. Folloder*, 767 F.2 125, 131 (5th Cir. 1985).

[3] *Id.*

[4] 46 U.S.C. §§ 31101, *et seq.*

[5] 46 U.S.C. § 31102(a).

[6] 46 U.S.C. §§ 30901, *et seq.*

[7] 46 U.S.C. § 31103.

[8] Under the SAA, interest is recoverable at a rate of four percent per year, but not for the period before the action was filed. See 46 U.S.C. § 30911(a). Under the PVA, only post-judgment interest is recoverable. See 46 U.S.C. § 31107.

against the United States.[9] Consequently, in this instance, Chad Blanchard is statutorily permitted to recover costs from the United States.

3.

Affiant herein, Jason M. Welborn, a person of the full age of majority, who, being duly sworn, averts that he is the attorney of record for Chad Blanchard, and, further, that he is familiar with the costs incurred in the litigation styled, *"Chad Blanchard v. United States of America, on behalf of the Unites States Army Corps of Engineers"*, Case No. 12-cv-3140 on the docket of the United States District Court for the Western District of Louisiana, Lafayette Division.

4.

Costs recoverable under Rule 54(d) of the Rule of Civil Procedure are governed by 28 U.S.C. § 1920. Using that statute as guidance, affiant herein avers that Chad Blanchard has incurred and paid the costs itemized below in connection with the litigation of this matter.

1) **Fees of the Clerk**[10]:
   Motion & Order to Substitute Counsel of Record    $125.60[11]
   Complaint                                          $350.00[12]
   Motion & Order to Dismiss with Prejudice           $ 32.00[13]

2) **Deposition transcript fees for depositions of**[14]:

---

[9] 46 U.S.C. § 30911.

[10] 28 U.S.C. § 1920(1).

[11] See Copies of Checks submitted to the Clerk of Court, 27th JDC/St. Landry, and USDC, Western District, attached hereto as Exhibit "A".

[12] See Exhibit "A".

[13] See Exhibit "A".

[14] 28 U.S.C. § 1920(2).

|   |   |   |
|---|---|---|
|   | Chad Patrick Blanchard | $590.95[15] |
|   | Harris Knott and Ronnie Powell | $371.00[16] |
|   | Cary Lewis | $779.15[17] |
|   | Troy Simar, Jr. | $274.40[18] |
|   | Richard L. Frenzel | $144.10[19] |
|   | Captain Leo Hendrix | $707.20[20] |
|   | Louis C. Blanda, Jr., M.D. | $605.20[21] |
| 3) | Fees for witnesses[22]: |   |
|   | Expenses[23] of Troy Simar | $200.00[24] |
| 4) | Copying Costs[25]: |   |
|   | Joint Trial Exhibit Book (2214 copies / 648 color copies)[26] | $346.50 |

---

[15] See Invoice and copy of check for Deposition Transcript of Chad Patrick Blanchard, attached hereto as Exhibit "B".

[16] See Invoice and copy of check for Deposition Transcripts of Harris Knott and Ronnie Powell, attached hereto as Exhibit "C".

[17] See Invoice and copy of check for Deposition Transcript of Cary Lewis, attached hereto as Exhibit "D".

[18] See Invoice and copy of check for Deposition Transcript of Troy Simar, Jr., attached hereto as Exhibit "E".

[19] See Invoice and copy of check for Deposition Transcript of Richard L. Frenzel, attached hereto as Exhibit "F".

[20] See Invoice and copy of check for Deposition Transcript of Captain Leo Hendrix, attached hereto as Exhibit "G".

[21] See Invoice and copy of check for Deposition Transcript of Louis C. Blanda, Jr., M.D., attached hereto as Exhibit "H".

[22] 28 U.S.C. § 1920(2).

[23] 28 U.S.C. § 1821(c)(2).

[24] See a copy of check submitted to Troy Simar, attached hereto as Exhibit "I".

[25] 28 U.S.C. § 1920(4).

[26] Costs incurred in producing in full set of trial exhibits are recoverable. *Behara v. C.R. Bard, Inc.*, 870 F.Supp. 1085, 1092 (N.D. Ga. 1994).

5)     **Docket fees under 28 U.S.C. 1923[27]:**

**TOTAL**                                                       $4,526.10

5.

Attached to this Affidavit of Costs are the itemized bills of costs generated as a result of undersigned counsel's representation of plaintiff, Chad Blanchard, which total $4,526.10.

6.

Affiant herein further avers, in accordance with 28 U.S.C. § 1924, that the items included in this affidavit and identified above as taxable costs are correct and have been necessarily incurred in litigation of this matter.

SWORN TO AND SUBCRIBED
BEFORE ME, Catherine Brasseux
NOTARY PUBLIC, THIS 25th
DAY OF July, 2014.

_Catherine Brasseux_
NOTARY PUBLIC 69162

COMMISSION EXPIRES:
_Death_

Respectfully submitted:

BY: _/s/ Jason M. Welborn_
    JOSEPH F. GAAR, JR. (#16927)
    JASON M. WELBORN (#26548)
    WILLARD P. SCHIEFFLER (#25862)
    LUCAS S. COLLIGAN (#31761)
    JACOB H. HARGETT (#32490)
    617 S. Buchanan Street
    Post Office Drawer 2069
    Lafayette, LA 70502
    Telephone: (337) 233-3185
    Fax: (337) 233-0690
    Attorneys for Plaintiff, Chad Blanchard

---

[27] 28 U.S.C. § 1920(5).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 25th day of July, 2014, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF filing system. Notice of this filing will be sent to opposing counsel by operation of the Court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to all non-CM/ECF participants.

                                                */s/ Jason M. Welborn*
                                                JASON M. WELBORN