UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| CHAD BLANCHARD | CIVIL ACTION NO:12-3140 |
| VERSUS | |
| | JUDGE DOHERTY |
| THE UNITED STATES OF AMERICA THROUGH ITS AGENCY THE UNITED STATES ARMY CORPS OF ENGINEERS | MAGISTRATE JUDGE HANNA |

**PLAINTIFF'S OPPOSITION TO THE UNITED STATES OF AMERICA'S MOTION TO AMEND THE COURT'S FINDINGS AND CONCLUSIONS**

Plaintiff, CHAD BLANCHARD, submits the instant Memorandum in Opposition to the Motion of THE UNITED STATES OF AMERICA to Amend the Findings and Conclusions of this Honorable Court. Specifically, The United States of America moves this Honorable Court to amend a very specific finding of whether the Collateral Source Doctrine prevented an award of past medical expenses from being made to plaintiff, Chad Blanchard. Rather than rehash the factual background submitted in The United States' Memorandum in Support, plaintiff agrees the factual background and relevant trial record sites are correct. Thus, plaintiff will limit his opposition to solely to analysis and points of law which indicate that this Honorable Court's finding was correct.

To explain, the collateral source rule is a substantive rule of law that bars a tortfeasor from reducing the quantum of damages owed to a plaintiff by the amount of recovery the plaintiff receives from other sources of compensation that are independent or collateral to the tortfeasor. See *Davis v. Odeco,* 18 F.3d 1237, 1243 (5th Cir. 1994) and *Manderson v. Chet Morrison Contractors, Inc.,* 666 F.3d 373, 381 (5th Cir. 2012). As explained more fully below, the tortfeasor in this instance is The

United States of America. The United States was held solely responsible for the accident and injuries suffered by plaintiff, Chad Blanchard. Moreover, it is clear that the amount of cure benefits received by Mr. Blanchard from his employer, STALLION, are independent and collateral to the tortfeasor, The United States of America. As a result, strict interpretation of the collateral source rule indicates that it should apply in this instance. Furthermore, the case law and examples provided by The United States are distinguishable on the facts from the situation addressed by this Honorable Court.

### I.   ANALYSIS

#### A.   *Defining the collateral source rule*

As noted above, the collateral source rule bars a tortfeasor from reducing the damages it owes to plaintiff by the amount of recovery the plaintiff receives from other sources of compensation that are independent of or collateral to the tortfeasor. See *Johnson v. Cenac Towing, Inc.,* 544 F.3d 295 (5th Cir. 2008). Most of the instances in which the collateral source has been interpreted by the Fifth Circuit and like federal courts, resolves around the situation where the plaintiff purchases health insurance which provides for contractual reduction in the amount of medical expenses paid to the healthcare providers. See *Phillips v. Western Company of North America*, 953 F.2d 923, 929 (5th Cir. 1992), and *Johnson,* supra. In applying the collateral source rule, the courts have held:

> "If tortfeasors could set up compensation available to plaintiffs through collateral sources, then plaintiffs who pay their own insurance premiums would suffer a net loss because they would derive no benefits from any premiums paid." *Davis,* 18 F.3d at 1244.
>
> "Additionally, such plaintiffs might be left exposed to other misfortunes once their insurance coverage was depleted by the tortfeasor's negligence." *Davis,* 18 F.3d at 1244, note 21.
>
> Thus, the Court's determination of whether a collateral source rule applies, is straightforward.

Where the employee has paid premiums for health insurance, the tortfeasor/employer, is not allowed to offset his damages by the contractual reductions obtained by the health insurer from healthcare providers. In this instance, we have a unique situation where the tortfeasor and employer are two (2) different entities. Indeed, as best plaintiff can tell, this is a case of first impression in the courts.

However, the general principles of the Collateral Source Doctrine clearly apply to this situation. To explain, there is no question that the cure obligation met by Stallion is collateral to and independent of the liability of The United States of America. Based on traditional principles of maritime law, the cure obligation met by Stallion in this instance is a benefit that the plaintiff has received by operation of his employment with the Jones Act employer. In essence, Mr. Blanchard provided work aboard vessels owned by Stallion, in exchange for those rights granted under the Jones Act and general maritime law. One of these rights, is to be compensated through maintenance and cure for injuries sustained while in the service of a vessel. Thus, while plaintiff did not pay money for a fringe benefit, he clearly provided his work services as a benefit to his employer, in exchange for those rights provided as a matter of law. For this reason, The United States is not allowed to take advantage of the cure obligation met by Stallion, and offset it against the amount of damages awarded by this Honorable Court. Indeed, probably the best recapitulation is found in *Davis v. Odeco, Inc.,* 18 F.3d 1237, 1243 (5th Cir. 1994), where the Court stated:

> "Generally, however, when an employee has bargained for a fringe benefit like health or life insurance as an additional consideration for employment, compensation received by the employee under that fringe benefit should not be deducted from the damages awarded to the employee as a result of the employer's negligence. Since the employee is already contractually entitled to that benefit, allowing the employer to deduct such compensation would both under compensate the employee, and provide the employer with an undeserved windfall."

Plaintiff would contend that the legal right to receive maintenance and cure is analogous to a bargain for fringe benefit like health insurance. In exchange for the work provided by the employee, he is provided these rights as a matter of law. To allow The United States of America to deduct or reduce the damages paid directly to Mr. Blanchard, would defy the spirit of the collateral source rule.

### B.   *Manderson is distinguishable*

Obviously, the case relied upon primarily by The United States in their motion is *Manderson v. Chet Morrison Contractors, Inc.,* 666 F.3d 373 (5th Cir. 2012). However, as is obvious from the facts of the *Manderson* decision, *Manderson* dealt with the situation where the employer and the tortfeasor were the same entity. Perhaps even more distinguishing, the Court found in *Manderson* that there was no liability, and thus, no tortfeasor at all. Rather, the entire issue regarding maintenance and cure benefits, and the application of the collateral source rule, centered around whether or not the employer was entitled to only reimburse the plaintiff the actual amount paid to medical care providers, rather than the charged amount.

To explain, the *Manderson* plaintiff claimed that Chet Morrison was liable under the Jones Act. After a two (2) day bench trial, the District Court denied relief under the Jones Act and general maritime law, but awarded maintenance and cure, and attorney's fees incurred in obtaining that relief. More importantly for the issues presented before this Honorable Court, the District Court granted a Motion in Limine prohibiting Chet Morrison from "referring to or seeking to introduce evidence of payment by Manderson medical insurers of his medical expenses". The real issue, was whether Chet Morrison was allowed to only pay the amounts actually paid by the health insurer to satisfy their cure obligation. Conversely, plaintiff's position was that Chet Morrison owed the full

amounts of the charges billed, not the contractually negotiated discounts paid by the health insurers.

The *Manderson* holding is limited to those situations where the employer and the alleged tortfeasor or the same person. In analyzing this issue, the Court limited the application of the collateral source rule to the situation where the seaman alone has purchased medical insurance. When this sole situation arises, the Court held that the ship owner is not entitled to set off from the maintenance and cure obligation monies that seaman received from his insurer (*Manderson,* 673 F.3d at 381, *citing Gauthier v. Crosby Marine Services, Inc.,* 752 F.2d 1085, 1089 (5th Cir. 1985)). Importantly, the Court did not, and apparently has not, addressed the situation when the employer and the alleged tortfeasor or two (2) different entities. For this reason, the holdings and dicta contained in *Manderson* do not address the issue presently before this Honorable Court.

## II.     CONCLUSION

As is obvious, this issue has not been addressed in either the Western District, Fifth Circuit, or to plaintiff's knowledge, in the court system as a whole. This unique issue should be decided upon the principles of the collateral source rule, and whether or not the defendant, The United States of America, should be able to take advantage of payments made by an entity independent of or collateral to themselves. Again, the cure obligation met by Stallion and the payments made thereunder, are clearly collateral to and independent of the damages awarded to plaintiff. As a result, under the direct application of the collateral source rule as that is defined by the Fifth Circuit in the cases identified above, The United States of America is not entitled to offset the plaintiff's damages by the fact that they have made payment under a separate reimbursement claim to plaintiff's employer.

Respectfully submitted:

BY: */s/ Jason M. Welborn*
    JOSEPH F. GAAR, JR. (#16927)
    JASON M. WELBORN (#26548)
    WILLARD P. SCHIEFFLER (#25862)
    LUCAS S. COLLIGAN (#31761)
    JACOB H. HARGETT (#32490)
    617 S. Buchanan Street
    Post Office Drawer 2069
    Lafayette, LA 70502
    Telephone: (337) 233-3185
    Fax: (337) 233-0690
    Attorneys for Plaintiff, Chad Blanchard

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 8th day of August, 2014, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF filing system. Notice of this filing will be sent to opposing counsel by operation of the Court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to all non-CM/ECF participants.

    */s/ Jason M. Welborn*
    JASON M. WELBORN